**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4527**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

RODNEY JARVIS EVERETTE,

                 Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00036-CCE-1)

Submitted: January 27, 2014          Decided: March 6, 2014

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jenifer Wicks, LAW OFFICES OF JENIFER WICKS, Washington, D.C., for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Jarvis Everette pled guilty, pursuant to a plea agreement, to distributing 34.84 grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court sentenced Everette to the mandatory minimum sentence applicable to each offense--60 months--to run consecutively, for a total sentence of 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether: (1) the district court complied with Federal Rule of Criminal Procedure 11 in accepting Everette's guilty plea; (2) trial counsel rendered ineffective assistance; and (3) the district court erred by sentencing Everette to the mandatory minimum sentence. Everette has filed a pro se supplemental brief, in which he raises several challenges to his sentence. We affirm.

I.

Counsel first questions whether the district court complied with Rule 11 in accepting Everette's guilty plea. Because Everette withdrew his motion to withdraw his guilty plea, we review any errors at the Rule 11 hearing under the

2

plain error standard. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding "that plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). To establish plain error on appeal, Everette must show: "(1) there is an error, (2) the error is plain, and (3) the error affect[s] substantial rights." Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden by showing a reasonable probability that he would not have pled guilty but for the Rule 11 omission. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

After reviewing the transcript of Everette's guilty plea hearing, we conclude that the district court substantially complied with Rule 11 in accepting Everette's plea, and it ensured that Everette's plea was knowing, voluntary, and supported by a sufficient factual basis. Although the court failed to inform Everette of the maximum sentence he faced for the firearm offense, as required by Rule 11(b)(1)(H), that omission did not affect his substantial rights. See Massenburg, 564 F.3d at 343 (declining to notice plain error in a case in which the "[defendant] never clearly and unmistakably asserted that had he been correctly informed of the sentence he faced, he would, in fact, have pled not guilty and gone to trial" (internal quotation marks omitted)).

3

## II.

Counsel next questions whether Everette's trial counsel rendered ineffective assistance. Claims of ineffective assistance of counsel "are generally not cognizable on direct appeal . . . unless it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (internal quotation marks omitted). Rather, to allow for adequate development of the record, ineffective assistance claims should generally be raised in a 28 U.S.C. § 2255 motion. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because we conclude that the record does not plainly show that Everette's trial counsel rendered ineffective assistance, we will not consider his claim at this juncture.

## III.

Next, both counsel and Everette question the reasonableness of Everette's sentence. We review criminal sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally unreasonable if the district court fails to properly calculate the defendant's advisory Guidelines range or does not consider the 18 U.S.C. § 3553(a)

4

factors. See id. at 49-51. If we find no significant procedural error, we consider the substantive reasonableness of the sentence "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51.

## A.

Everette argues that the district court violated Alleyne v. United States, 133 S. Ct. 2151 (2013), which held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and charged in the indictment, see id. at 2155. Specifically, Everette argues that the district court erred by finding that he was guilty of the firearm offense by a preponderance of the evidence.

We conclude that the district court did not violate Alleyne, as it did not undertake to find any facts not charged in the indictment that would increase the mandatory minimum sentence. Rather, Everette was sentenced for the crime to which he pled guilty--possession of a firearm in furtherance of a drug trafficking crime--and that offense was supported by an independent factual basis.

## B.

Everette also argues that the district court incorrectly calculated his advisory Guidelines range on the distribution of cocaine base charge, specifically taking issue

with the court's application of the mandatory minimum sentence to his advisory Guidelines range. Because Everette did not object to the Guidelines calculation before the district court, our review is for plain error. See United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010). We conclude that the district court did not err--plainly or otherwise--in calculating Everette's advisory Guidelines range. See U.S. Sentencing Guidelines Manual § 5G1.1(c)(2) (2012) (providing that "the sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence").

## C.

Finally, Everette argues that the district court blindly imposed the mandatory minimum sentence without considering the § 3553(a) factors. Because Everette did "not argue for a sentence different than the within-Guidelines sentence [he] ultimately received," we review the adequacy of the district court's consideration of the § 3553(a) factors for plain error. Lynn, 592 F.3d at 580.

After reviewing the sentencing transcript, we conclude that the district court adequately considered the § 3553(a) factors, finding that the mandatory minimum sentence was sufficient to punish Everette in light of his limited prior criminal record. See also United States v. Farrior, 535 F.3d 210, 224 (4th Cir.

2008) ("A statutorily required sentence, which is what [the defendant] received, is <u>per se</u> reasonable.").

IV.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Everette, in writing, of the right to petition the Supreme Court of the United States for further review. If Everette requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Everette.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>